## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAUNE MASON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 13-cv-6512 |
| OFFICER NICHOLAS KRUCZAJ, | : | |
| UNKNOWN OFFICERS, and THE CITY | : | |
| OF CHESTER | : | |

## ORDER

AND NOW, on this             day of                        , 2015, upon consideration of defendants' "Motion *in Limine* to Preclude Testimony of Plaintiff's Expert, Walter Signorelli, Esquire," and any responses thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED.

Plaintiff is hereby PRECLUDED from offering Walter Signorelli's testimony at trial.

**BY THE COURT:**

_____

**Hon. L. Felipe Restrepo, U.S.D.J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DWAUNE MASON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 13-cv-6512 |
| OFFICER NICHOLAS KRUCZAJ, | : | |
| UNKNOWN OFFICERS, and THE CITY | : | |
| OF CHESTER | : | |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY
OF PLAINTIFF'S EXPERT, WALTER SIGNORELLI, ESQ.**

Defendants, City of Chester and Officer Nicholas Kruczaj, by and through their attorneys, Bennett, Bricklin & Saltzburg LLC, move to preclude the testimony of plaintiff's expert, Walter Signorelli, Esquire, and aver as follows in support of their motion:

1.      In this suit, plaintiff alleges common law and section 1983 civil rights violations for false detention/arrest and malicious prosecution following plaintiff's arrest on November 11, 2011, and arraignment on the morning of November 12, 2011.  Plaintiff contends that his arrest and prosecution were without reasonable suspicion and/or probable cause.

2.      Plaintiff intends to offer the expert testimony of Walter Signorelli, Esquire.  See Exhibit A, Report of Walter Signorelli.

**I.      THE EXPERT'S TESTIMONY SHOULD BE PRECLUDED BECAUSE THE REPORT WAS PRODUCED AFTER THE APPLICABLE DEADLINES.**

3.      Pursuant to the Court's case management order, plaintiff's expert reports were due by **August 14, 2014**.  See Exhibit B, Case Management Order.

4.      Plaintiff did not produce an expert report by the court's deadline.

5.      On October 24, 2014, defendants agreed to permit plaintiff to produce a late expert report, subject to the condition that the court would agree to extend the case management deadlines

related to expert discovery.  See Exhibit C, Email of October 24, 2014.

6.      On November 6, 2014, the Court held a telephone conference in which the court declined to extend any case management deadlines, including the deadline for the submission of *Daubert* motions, which had expired on October 17, 2014.  The court indicated that the parties were free to reach any agreement they liked, but that the case management deadlines would remain in place.

7.      In light of the court's disposition, defendants could no longer agree to a late expert report.  Defendants offered, however, to allow plaintiff to provide an expert report, which the defendants would review in good faith.  If the defendants determined in their sole discretion that the report raised *Daubert* issues, then the defendants would not agree to the use of the testimony at trial. See Exhibit D, Email of November 7, 2014.  Significantly, **plaintiff was to provide the proposed report by December 1, 2014** in order to allow the defendants to obtain a rebuttal report by January 5 2015.

8.      **Plaintiff did not provide an expert report by December 1, 2014**.

9.      Plaintiff did not produce an expert report until **December 22, 2014**, less than one month before trial (January 20, 2015), and on the eve of the Christmas and New Year holidays.  See Exhibit E, Email of December 22, 2014 Providing Expert Report.

10.     Plaintiff's production of his expert's report on the eve of trial, more than four months after the court's deadline for expert reports, and more than three weeks after the informally agreed upon conditional date for the production of plaintiff's expert report, prejudices the defense.

11.     In light of the late production, it is impossible for defendants to meaningfully respond to plaintiff's expert report through their own expert, especially when considered in light of the end

2

of year holidays.

12.     The late production, in light of the holidays and the other work that needs to be done in anticipation for trial, also precludes a meaningful opportunity to depose Mr. Signorelli regarding his opinions.

13.     Last given that plaintiff did not comply with the court's original case management deadline, and also did not comply with the deadline offered by defendants in an attempt to be accommodating, the report should not now be permitted.

14.     Since Mr. Signorelli's report was not provided on a timely basis, and because its late production has prejudiced the defense, Mr. Signorelli's testimony should be excluded at trial.

## II.     THE EXPERT'S PROFFERED TESTIMONY IS OTHERWISE INADMISSIBLE.

15.     Even if the report had been provided on a timely bassi, Mr. Signorelli's testimony should still be precluded because it is inadmissible.

16.     Mr. Signorelli's report essentially contains three opinions: (1) the officers lacked probable cause for the arrest; (2) the show-up identification was overly suggestive; and (3) the identification and arrest procedures used violated proper police procedures and protocols.  See Exhibit A at ¶¶ 13-18.

17.     Mr. Signorelli's conclusion that the officers lacked probable cause for the arrest is a legal conclusion, to which an expert is not permitted to testify. See Toscano v. Case, 2013 WL 5333206 at *9 (D.N.J. Sept. 20, 2013) (expert's opinion on lack of probable cause for arrest warrant inadmissible as "violat[ing] the basic tenet that experts shall not opine regarding legal issues or questions"); Tschappat v. Groff, at *4 (M.D. Pa. Jun. 2, 2004) (expert testimony that officer lacked probable cause to arrest and that arrest was illegal was inadmissible as legal conclusion).

3

18.     Mr. Signorelli's conclusions as to whether the line up was "overly suggestive" should be excluded both as a legal conclusion, see U.S. v. Nobles, 322 Fed. Appx. 96, 98 (3d Cir. 2009) (show up identifications constitutionally permissible unless both unnecessarily suggestive and unreliable), and also because Mr. Signorelli is unqualified as former police officer and professor to offer opinions on whether any particular set of circumstances is "suggestive."

19.     Mr. Signorelli's opinion that the officers violated proper police practices should be excluded as irrelevant, because the question before the jury is not whether proper procedures were used, but whether there was probable cause for the arrest.

20.     Finally and alternatively, Mr. Signorelli's proffered testimony that actions taken by Captain Chubb violated proper practices should be excluded as irrelevant because the question for the jury is whether Officer Kruczaj had probable cause for the arrest.  Captain Chubb is not a party to this action.  As such, the following opinions should be excluded:

      a.    The identification was overly suggestive because Captain Chubb told James Frost, outside the presence of Officer Kruczaj, that "one of our officers was around the corner with some suspects we believe were the actors."  Exhibit A at ¶ 15; and

      b.    Captain Chubb failed to memorialize the language that James Frost used to identify plaintiff during the show-up identification.   Exhibit A at ¶ 16.

21.     For these reasons, even if plaintiff's expert report had been proffered on a timely basis, the opinions of Mr Signorelli should be excluded at trial.

WHEREFORE, defendants, City of Chester and Officer Nicholas Kruczaj, respectfully request that their motion be GRANTED, and that plaintiff be precluded from offering the testimony

4

of expert witness, Walter Signorelli, at trial.

Respectfully submitted,

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY:  /s/ Nicholas A. Cummins (NAC7591)
EDWARD J. BRADLEY
I.D. NO. 73943
NICHOLAS A. CUMMINS
I.D. NO. 203238
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
Bradleye@bbs-law.com
Cummins@bbs-law.com
Attorneys for Defendant,
Officer Nicholas Kruczaj and City of Chester

Date:  January 6, 2014

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAUNE MASON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 13-cv-6512 |
| OFFICER NICHOLAS KRUCZAJ, | : | |
| UNKNOWN OFFICERS, and THE | : | |
| CITY OF CHESTER | : | |

DEFENDANTS' BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE
TESTIMONY OF PLAINTIFF'S EXPERT, WALTER SIGNORELLI, ESQ.

Defendants, City of Chester and Officer Nicholas Kruczaj, by and through their attorneys,

Bennett, Bricklin & Saltzburg LLC, move *in limine* to preclude the testimony of plaintiff's expert,

Walter Signorelli, Esquire, and submit this brief in support of their motion.

I.   **FACTUAL OVERVIEW**

In this suit, plaintiff alleges common law and section 1983 civil rights violations for false

detention/arrest and malicious prosecution following plaintiff's arrest on November 11, 2011, and

arraignment on the morning of November 12, 2011. Plaintiff contends that his arrest and prosecution

were without reasonable suspicion and/or probable cause.

At trial, plaintiff intends to offer the expert testimony of Walter Signorelli, Esquire. See

Exhibit A, Report of Walter Signorelli. Mr. Signorelli's report was not produced until December

22, 2014, less than one month before trial.

Pursuant to the Court's case management order, plaintiff's expert reports were due by **August**

**14, 2014**. See Exhibit B, Case Management Order. Plaintiff did not produce an expert report by the

court's deadline.

On October 24, 2014, defendants agreed to permit plaintiff to produce a late expert report,

subject to the condition that the court would agree to extend the case management deadlines related

to expert discovery.  See Exhibit C, Email of October 24, 2014.  On November 6, 2014, the Court held a telephone conference in which the court declined to extend any case management deadlines, including the deadline for the submission of *Daubert* motions, which had expired on October 17, 2014.  The court indicated that the parties were free to reach any agreement they liked, but that the case management deadlines would remain in place.

In light of the court's disposition, defendants could no longer agree to a late expert report. Defendants offered, however, to allow plaintiff to provide an expert report, which the defendants would review in good faith.  If the defendants determined in their sole discretion that the report raised *Daubert* issues, then the defendants would not agree to the use of the testimony at trial.  See Exhibit D, Email of November 7, 2014.  Significantly, **plaintiff was to provide the proposed report by December 1, 2014** in order to allow the defendants to obtain a rebuttal report by January 5 2015.  **Plaintiff did not provide an expert report by December 1, 2014**.  As noted, plaintiff did not produce Mr. Signorelli's report until **December 22, 2014**, less than one month before trial (January 20, 2015), and on the eve of the Christmas and New Year holidays.  See Exhibit E, Email of December 22, 2014 Providing Expert Report.

With respect to its substance, Mr. Signorelli's report essentially contains three opinions. First, he opines that the police officers did not have probable cause to arrest the plaintiff.  Second, he opines that the show-up identification was overly suggestive, because police Captain Chubb (who is not a party to this matter) told Mr. Frost (the victim of the crime under investigation) that the police believed they had the suspects in custody.  Third, he opines that the officers violated police practices because (1) a flashlight was used to illuminate plaintiff during the identification, (2) Captain Chubb did not write down the exact words used by Mr. Frost to identify the plaintiff during

2

the identification, and (3) Frost was not brought face-to-face with the suspects during the identification.  See Exhibit A at ¶¶ 13-18.

## II.    **LEGAL ARGUMENT**

Plaintiff should be precluded from offering the testimony of Mr. Signorelli at trial because his report was produced well after the established deadlines, prejudicing the defense in its preparation for trial, and his opinions are nonetheless inadmissible.

### A.    **Plaintiff Should be Precluded from Offering Mr. Signorelli's Testimony because his Report was Produced Late.**

As set out above, Mr. Signorelli's report was produced more than four months after the Court's deadline for the production of expert reports.  When defense counsel, in an attempt to be accommodating, offered to allow plaintiff to produce a report by December 1, 2014, provided it did not raise Daubert issues, plaintiff also failed to produce a report by that deadline.  The report was not produced until December 22, 2014.

A party is required to make expert disclosures "at the times and in the sequence that the court orders," and, absent such an order, "at least 90 days before the date set for trial .... ."  Fed. R. Civ. Pro. 26(a)(2)(D).  "If a party fails to ... identify a witness as required by Rule 26(a) ... , the party is not allowed to use that ... witness to supply evidence ... at trial, unless the failure was **substantially justified or is harmless.**"  Fed. R. Civ. Pro. 37(c)(1) (emphasis added).

In considering whether to exclude an unidentified witness, the court should consider:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case ... , and (4) bad faith or willfulness in failing to comply with the court's order.

Meyers v. Pennpack Woods Home Ownership Assoc., 559 F.2d 894, 904-05 (3d Cir. 1977),

3

overruled on other grounds, Goodman v. Lukens Steel Co., 777 F.3d 113 (3d Cir. 1985).  Additional

considerations include the validity of the excuse offered by the party.  Id.  Although the exclusion

of evidence is a severe sanction, it is properly imposed when there has been a "flagrant disregard"

for the court's order.  Canterna v. U.S., 319 Fed. Appx. 93, 98 (3d Cir. 2008).

These factors counsel in favor of excluding Mr. Signorelli's testimony.  First, the very late

production of the report seriously prejudices the defense.  With the report produced less than one

month prior to the start of trial, with the end of year holidays intervening, it will be nearly impossible

for the defendants to obtain a fully considered rebuttal report from an expert of their choosing.

Moreover, given the holiday and the time demands already imposed by regular trial preparation,

defendants will also be denied the opportunity to depose plaintiff's expert.  This prejudice alone is

sufficient to merit the exclusion of the proffered testimony.  Moreover, there is nothing plaintiff can

do to ameliorate the prejudice, as the Court has already indicated that it does not wish to continue

the trial date.   This was the motivating factor behind the Court's prior decision not to provide new

dates for expert discovery.

Even if the prejudice sustained by the defendants was not enough, the violation in this case

amounts to a flagrant disregard of the expert discovery deadline.  Plaintiff did not approach counsel

about the production of a late expert report until October 2014, two months after the expiration of

the court's ordered expert discovery deadline.  More significantly, even when defendants offered an

accommodation by considering a report supplied by December 1, plaintiff exceeded this deadline

by three weeks.  Such conduct clearly constitutes a flagrant disregard of the discovery rules and

merits the preclusion of Mr. Signorelli's opinion.

**B.      The Proffered Expert Opinions are Inadmissible.**

Even if the report had been timely produced, Mr. Signorelli's opinions are still inadmissible. His opinions are all either improper legal conclusions or irrelevant to the issues before the jury.

First, Mr. Signorelli's opinions that the police officers lacked probable cause for the arrest and that the line up was overly suggestive are improper legal conclusions.

"Although Federal Rule of Evidence 704 permits an expert witness to give expert testimony that 'embraces an ultimate issue to be decided by the trier of fact,' an **expert witness is prohibited from rendering a legal opinion**." Berkley Inv. Group, Ltd. v. Colkitt, 455 F3d 195, 217 (3d Cir. 2006), quoting, U.S. v. Leo, 941 F.2d 181, 195-96 (3d Cir. 1991).  This is because testimony of this type "would usurp the District Court's pivotal role in explaining the law to the jury." Id. (citations omitted).  Following this rule, District Courts have refused to allow experts in section 1983 cases to testify to the presence or absence of probable cause, or the reasonableness of the officer's conduct. See Toscano v. Case, 2013 WL 5333206 at *9 (D.N.J. Sept. 20, 2013) (expert's opinion on lack of probable cause for arrest warrant inadmissible as "violat[ing] the basic tenet that experts shall not opine regarding legal issues or questions"); Tschappat v. Groff, at *4 (M.D. Pa. Jun. 2, 2004) (expert testimony that officer lacked probable cause to arrest and that arrest was illegal was inadmissible as legal conclusion).

As these cases demonstrate, Mr. Signorelli's opinion that the officers lacked probable cause to arrest is inadmissible as an improper legal conclusion.  The same is true of Mr. Signorelli's opinion that the lineup was "overly suggestive," as this is simply the restatement of the standard followed to determine whether a line up passes Constitutional muster. See U.S. v. Nobles, 322 Fed. Appx. 96, 98 (3d Cir. 2009) (show up identifications constitutionally permissible unless both

unnecessarily suggestive and unreliable).

Second, Mr. Signorelli's conclusion that the line up was "overly suggestive" should also be excluded because Mr. Signorelli is not qualified to offer this opinion. See Fed. R. Evid. 702 (opinion testimony permitted by a witness who is "qualified as an expert by knowledge, skill, experience, training or education"). Mr. Signorelli offers himself as an expert in police practices. While Mr. Signorelli may be competent to testify to the usual procedures followed by the police, it is beyond his expertise to opine that a certain set of factors impacts upon the mind of a person in such a way as to make the identification "suggestive." This is an area of testimony suited only to an expert in psychology or, perhaps, human factors. For this additional reason, Mr. Signorelli's testimony that the identification was overly suggestive should be excluded.

Third, Mr. Signorelli's testimony regarding the officers' compliance with proper police practices should be excluded as irrelevant. Fed. R. Evid. 401 and 402. The question before the jury in this case is whether there was probable cause for the arrest and prosecution. "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Shelley v. Wilson, 339 Fed. Appx. 136, 138 (3d Cir. 2009) (citations omitted). Thus, the question of whether the police followed "proper practices" in a non-constitutional sense has no bearing on the issues before the jury. For a violation of "proper police practices" does not impose liability. If the information known to Officer Kruczaj established probable cause, there is no liability. This is true regardless of whether the steps taken to obtain that information followed best practices, provided none of the steps taken violated the Constitution. As such, Mr. Signorelli's testimony on "proper police practices" should also be excluded.

Finally, if some of Mr. Signorelli's opinions are admissible, he should still be precluded from offering testimony that any police officers other than Officer Kruczaj violated proper police practices. This is because it is only the conduct of Officer Kruczaj that is at issue in the lawsuit. Consequently, evidence that Captain Chubb or any other police officer should have performed their functions in a different manner is irrelevant and inadmissible. As such, Mr. Signorelli should be precluded from offering his opinions that Captain Chubb violated proper police practices by telling Mr. Frost that "one of our officers was around the corner with some suspects we believe were the actors," or by failing to memorialize the language that James Frost used to identify plaintiff during the show-up identification.

In sum, even if Mr. Signorelli's testimony is not excluded because it was offered untimely, it should still be excluded because it is irrelevant, speaks only to legal issues, and falls outside of Mr. Signorelli's expertise.

## III.   CONCLUSIONS

For all the foregoing reasons, the defendants respectfully request that their motion *in limine* be granted, and that plaintiff be precluded from offer the testimony of Walter Signorelli, at trial.

Respectfully submitted,

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY:  /s/ Nicholas A. Cummins (NAC7591)
EDWARD J. BRADLEY/NICHOLAS A. CUMMINS
I.D. NO. 73943/203238
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
Bradleye@bbs-law.com / Cummins@bbs-law.com
Attorneys for Defendants,
Officer Nicholas Kruczaj and City of Chester

Date:   January 6, 2015

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAUNE MASON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 13-cv-6512 |
| OFFICER NICHOLAS KRUCZAJ, | : | |
| UNKNOWN OFFICERS, and THE CITY | : | **TRIAL BY JURY OF 12 DEMANDED** |
| OF CHESTER | : | |

### CERTIFICATE OF SERVICE

I, Nicholas A. Cummins, hereby certify that a true and correct copy of the foregoing Motion

*in Limine* has been served this date upon all interested counsel by way of electronic notification by

the Court and/or United States Regular First Class Mail, postage prepaid, addressed as follows:

> Joseph S. Oxman, Esquire
> Oxman Goodstadt Kuritz, P.C.
> The Bourse Building, Suite 740
> 111 S. Independence Mall East
> Philadelphia, PA  19106

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY:  /s/ Nicholas A. Cummins (NAC7591)
EDWARD J. BRADLEY
I.D. NO. 73943
NICHOLAS A. CUMMINS
I.D. NO. 203238
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 561-4300
Bradleye@bbs-law.com
Cummins@bbs-law.com
Attorneys for Defendant,
Officer Nicholas Kruczaj and City of Chester

Date:  January 6, 2015

# EXHIBIT A

WALTER SIGNORELLI, ESQ.
1992 Commerce Street
Yorktown Heights, New York 10598


December 17, 2014


Oxman Goodstadt Kuritz P.C.
Attorneys at Law
111 S. Independence Mall East
Philadelphia, PA 19106-2524

Re:  Duane Mason vs. Officer Kruczaj and the City of Chester
       U.S. District Court, Eastern District of Pennsylvania, Civ. No. 13-6512.

     1.  Pursuant to plaintiff's request and in accordance with Federal Rules of Civil
Procedure, Rule 26 (a) (2), I have prepared this report, which constitutes my evaluation
and conclusions within a reasonable degree of professional certainty of the actions and
procedures employed by members of the City of Chester Police Department (CPD) in
connection with this matter. My fee for preparation is $300 per hour and $2400 per day
or part thereof for deposition or trial testimony.  This evaluation is written on the basis of
a review of the documents provided and my experience, training, education, and
professional background, which are described below. I reserve the right to revise this
opinion upon the receipt of additional information.

     2.  I am a retired member of the New York City Police Department (NYPD), having
served for more than (31) thirty-one years.  During my tenure, I held the ranks of Police
Officer, Sergeant, Lieutenant, Captain, Deputy Inspector, and Inspector, and served in
numerous capacities, including patrol officer, patrol sergeant, anti-crime sergeant,
lieutenant tour commander, Executive Captain of the 46th Precinct, Bronx; Commanding
Officer, Manhattan North Public Morals Division; Commanding Officer of the 79th
Precinct in Bedford-Stuyvesant, Brooklyn; Commanding Officer, Staff Services Section
of the Personnel Bureau; Commanding Officer, 24th Precinct., Upper Manhattan;
Executive Officer, Bronx Narcotics Division; Commanding Officer, License Division;
Executive Officer, Narcotics Division; Executive Officer, Manhattan North Narcotics
Initiative; and Executive Officer, Brooklyn South Detective Division. All of the
foregoing positions included the training and supervision of investigations and arrests.

     3.  Since my retirement from NYPD, I have taught police science and criminal
law courses at John Jay College of Criminal Justice and St. John's University, including
courses in police administration, criminal investigations, constitutional law, and criminal
law.  I have been retained as a consultant by both plaintiffs and defense in a number of

police liability cases, and have testified as a police procedures expert in both State and Federal courts.

## MATERIALS REVIEWED

4. The following is a list of materials pertaining to the incident and individuals involved that I have reviewed thus far:

      a. Deposition of Officer Nicholas Kruczaj;
      b. Deposition of James Frost, June 30, 2014;
      c. Deposition of James Frost, November 7, 2012;
      d. Deposition of Dwuane Mason;
      e. Deposition of Zachary Granberry;
      f. Deposition of Captain James Chubb;
      g. Deposition of Officer Jeffry Linowski;
      h. Deposition of Lakia Mason;
      i. Deposition of Officer Jonathan Ross;
      j. Criminal Complaint;
      k. CPD police report, including Incident Report, Victim statement, property records, arrest report, lab reports.
      l. Photo of plaintiff.

## SUMMARY OF FACTS

5. On November 11, 2011 at about 8:20pm, CPD Officer Nicholas Kruczaj arrested the plaintiff, Dwuane Mason, charging him with the robbery of James Frost, who was employed as a delivery man at the time of the robbery. The robbery occurred on the street in front of 2031 Madison Street, Chester, Pa. According the Mr. Frost, he was approached by two male blacks, one wearing a gray hoodie, the other wearing black clothing. The one dressed in black pointed a handgun at Frost and said "Give it up!" Frost threw a twenty-dollar bill to the ground and ran away.

6. Frost called 911 to report the robbery. Officer Kruczaj responded to the Frost's place of employment, Kennedy's Fried Chicken, at 2105 Edgemont. According to Frost, he told the police that the robbers were between five feet six and five feet eight inches tall, between 150-180 pounds, not much bigger than him. (Nov 17, 2012, 13:12-15), or between five feet eight and five feet ten inches tall, "they weren't that much bigger than me. (June 30, 2014, 13:1-3). Frost is five-feet-nine.

7. The police obtained a security video of the area. They showed it to Frost, who said he saw the male with the gray hoodie who had been with the male who had pointed the gun.

8. A short time later, Officer Kruczaj saw four males on the street Upland and 21st Street. Two of the males, he believed, matched the description of the robbers although no description of the height and weight of the suspects were indicated or documented on his affidavit of probable cause or incident report. Through radio

transmissions, Kruczaj had Frost transported to the street location for a show up identification.

9. CPD Captain James Chubb transported Frost to the show up location. According to his testimony he told Frost that, "one of our officers was around the corner with some suspects we believe were the actors." (12:13-15.). Frost, from the backseat of the police vehicle, observed officers shining flashlights on the suspects, one at a time. According to Captain Chubb, Frost identified one of the suspects, though the Captain did not remember the words he used. The Captain said, "Not his exact words. I couldn't quote him as to reference to what he stated." (27:2-3).

10. According to Kruczaj, Captain Chubb relayed to him via radio that Frost identified Mr. Mason. Kruczaj arrested Mason and charged him with robbery and other crimes. Mason is more than six feet two inches tall and he was not wearing a gray hoodie or all black clothes.

11. When Frost was taken to look at the suspects, he viewed them through the window of the police vehicle from a distance of "a half a block away." (20:11-12) He identified one of the suspects as the robbery suspect, and he saw the police put one of the suspects, later identified as Mason, in a police car. Frost was immediately driven away without seeing the police arrest anyone else, and he did not know the police did not arrest the person he had actually identified.(6/30/14, 36:6-7).

12. On a later date, he learned that Mason had been arrested instead of the person who had robbed him. He went to a hearing in Media Court and testified that Mason was not the person who had robbed him; whereupon, the charges against Mason were dismissed.

## OPINION

13. In my opinion, it was a violation of the standards of proper police procedure for Officer Kruczaj to have arrested plaintiff Mason under the facts and circumstances of this case. Police officers are trained that to make a lawful arrest they must have probable cause, and they are trained that probable cause consists of facts and circumstances that would lead a reasonable person to conclude that the person to be arrested committed, was committing, or was going to commit a crime. They are also trained in the due process requirements of identification procedures.

14. The manner in which the "show-up" identification procedure was conducted in this case violated the standards of proper police procedures and practices. Show-ups are allowed when the police apprehend a suspect shortly after and in the vicinity of a crime. In such cases, they police may conduct a show-up in which they promptly bring the suspect to a witness or a witness to the suspect for a one-on-one identification. However, this procedure must be conducted in a fair and reasonable manner, which is not unnecessarily suggestive.

15. The identification by Frost occurred in an overly suggestive manner. He had been told by Captain Chubb that "one of our officers was around the corner with some suspects we believe were the actors." Basic police procedures advise that an officer should never tell a witness about to view a show-up or a line-up that they have apprehended the criminal. Such a practice is overly suggestive and tends to pressure a witness to make an identification based on an assumption.

16. Frost viewed the suspects in poor lighting conditions and from a distance too far to make an accurate identification. The police shined a flashlight on the suspects' faces, which distorts a person's appearance and is overly suggestive. Furthermore, there was no necessity to keep Frost hidden from the suspects. He was a willing complainant who would have to appear in court to prosecute. He should have been brought closer and should have been asked to make a positive identification, clearly describing the person he was identifying. His statement should have been memorialized, but Captain Chubb failed to do so. The failure to carefully document the identification apparently resulted in a miscommunication, as Frost testified, "And I was talking about somebody else and they locked Dwaune up." (6/30/14, 32:22-24). I forget exactly how Dwaune got mixed up. But it was either the kid on the left or the right of him. I just know it wasn't Dwaune that robbed me." (34:16-19).

17. Moreover, Frost described his assailants as much shorter than Mason, who was more than six feet two inches tall. This should have alerted the police that a mistaken identification had been made and they should not have arrested Mason because under such circumstances there was no probable cause to make an arrest.

<u>CONCLUSION</u>

18. For all of the above reasons, it is my opinion to a reasonable degree of professional certainty the officers of the Chester Police Department violated the standards of proper police procedures and practices when they arrested Mr. Mason who was much taller than the described robbery suspects and was not, according the robbery victim, the perpetrator of the crime.

Walter Signorelli

WALTER SIGNORELLI, ESQ.                         December 2014
1992 Commerce Street
Yorktown Height, New York 10598
914 245 5904

Expert Witness Testimony Regarding Police Procedures

| 3/30/11 | Perriello v. NYS | NYS Court of Claims<br>Judge Mignano<br>Bleakley, Platt<br>Trial testimony<br>Defense |
| --- | --- | --- |
| 8/9/11 | Quagliarello v. City of Chester | U.S. District Court,<br>Eastern Dist. of Pennsylvania<br>Judge Baylson<br>Trial testimony |
| 1/11/12 | Overmars v. Yonkers | U.S. District Court<br>Southern District of NY<br>Judge Davison<br>Friedman, Levy & Goldfarb<br>Trial testimony |
| 2/10/12 | Bennett v. Southampton | U.S. District Court<br>Eastern District of NY<br>Deposition<br>Kaplan |
| 7/26/12 | Arciola v. City of Beacon | U.S. District Court<br>Southern District of NY<br>Deposition<br>R. Giampa, Esq. |
| 12/7/12 | Panas v. City of Philadelphia | U.S. District Court<br>Eastern Dist.of Pennsylvania<br>Judge Davis<br>Philadelphia City Solicitor<br>Defense |
| 12/11/12 | Mitchell v. Adorno | NYS Supreme, Bronx County<br>Trial<br>Judge Riuz<br>Lenihan & Flamm |

| | | |
|---|---|---|
| 12/13/12 | DeMichele v. WCPD | U.S. District Court<br>Southern District of NY<br>Judge Gardephe<br>Trial testimony<br>Krouner Law Office |
| 3/14/13 | Davila v. NYC | NYS Supreme, Kings County<br>Trial<br>Judge Wade<br>Hershel Kulefsky Law Office |
| 3/19/13 | Wharton v. Nassau County | U.S. District Court<br>Eastern District of NY<br>Trial<br>Judge Kuntz<br>Messimo & Panetta |
| 5/23/13 | NYPD v. Hernandez, respondent | NYPD Trial Room<br>Cronin & Bycsek<br>Defense |
| 7/30/13 | Vasquez v. NYC | U.S. District Court<br>Southern District of NY<br>Deposition<br>Emery Celli Brinckerhoff &<br>Abady |
| 5/5/14 | Clarke v. NYCHA | NYS Supreme, NY County<br>Trial<br>Judge Reed<br>Pillersdorf Associates (Stern) |
| 10/6/14 | Delgado v. NYCHA | NYS Supreme, Bronx<br>Trial<br>Judge Soto<br>Flores & Krebs<br>Defense |

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DWAUNE MASON,                          :        CIVIL ACTION
                                       :
            Plaintiff,                 :
                                       :
       v.                              :
                                       :
NICHOLAS KRUCZAJ, et al.               :        NO. 13-6512
                                       :
            Defendants.                :

## ORDER

**AND NOW**, this 12th day of February, 2014, after conferring with the parties, it is

**ORDERED** that:

1.  A trial will begin at **10:00 a.m. on January 20, 2015** in Courtroom 8B, 601 Market

    Street.

2.  This matter is referred to the Honorable Elizabeth T. Hey for a settlement conference.

    The parties shall promptly contact Judge Hey to schedule a conference.

3.  Fact discovery shall close on **June 14, 2014.**

4.  *Monell* discovery shall close on **July 14, 2014.**

5.  Plaintiffs' expert reports are due by **August 14, 2014.**

6.  Defendant's expert reports and all expert depositions are due by **September 15, 2014.**

    Defendant shall provide their expert report with sufficient time for Plaintiffs to

    conduct a deposition.

7.  Summary judgment and *Daubert* motions shall be filed on or before **October 17,**

    **2014.** Counsel shall comply with this Court's protocol for summary judgment

    motions, including the submission of a joint appendix, as detailed in the Court's

    Policies and Procedures, available on the website for the Eastern District of

1

Pennsylvania.

8.    Responses to summary judgment and *Daubert* motions shall be filed on or before **November 7, 2014**. Replies shall be filed on or before **November 14, 2014**.

9.    Pre-trial motions are to be docketed with the Clerk of Court by **January 6, 2015**. Responses shall be filed by **January 13, 2015.**

10.    All pretrial memorandums are to be filed with the Clerk of Court and a copy delivered to Judge Restrepo's Chambers no later than **January 13, 2015.**

11.    All parties shall prepare and file their respective pretrial memorandums consistent with Local Rule of Civil Procedure 16.1(c) - the parties shall also include or attach to their pretrial memorandum the following:

        (i)    the identity of each expert witness to be called at trial by the party;

        (ii)    a curriculum vitae for each expert witness;

        (iii)    the identity of each fact witness to be called at trial with a concise statement of the nature of the expected testimony (witness not listed may not be called by that party in its case-in-chief);

        (iv)    designation of deposition testimony to be offered at trial;

        (v)    an itemized statement of damages or other relief sought;

        (vi)    a statement of any anticipated important legal issues on which the Court will be required to rule, together with counsel's single best authority on each such issue.

12.    No later than **January 13, 2015** the parties shall file with the Clerk of Court **JOINT** proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury.  Each party shall also file proposed jury instructions,

2

verdict forms or special interrogatories on those issues not agreed upon by the parties in their joint submission. In submitting proposed points for charge, the parties are directed to the Model Civil Jury Instructions which are available on line at:

**http://www.ca3.uscourts.gov/model-jury-instructions**

13.     Where applicable, the Court will use the Model Civil Jury Instructions to instruct the jury. In submitting points for charge based on the Model Jury Instructions, the parties need only refer to the Model Instruction by number and do not need to submit the text of the Instruction.

14.     Jury instructions shall be submitted on a separate sheet of paper, double spaced, with accurate quotes from and citations to cases and pattern jury instructions where appropriate. The parties shall also provide the Court at Chambers with proposed jury instructions on a computer disk in Microsoft Word format.

15.     No later than **January 13, 2015** the Parties are to compile a **JOINT** final version of any and all trial exhibits. Two copies of each trial exhibit shall also be delivered to Judge Restrepo's chambers no later than **January 13, 2015.**


                                        BY THE COURT:


                                        /s/ L. Felipe Restrepo
                                        L. Felipe Restrepo
                                        United States District Court Judge

# EXHIBIT C

**Cummins, Nicholas A.**

---

| | |
|---|---|
| **From:** | Cummins, Nicholas A. |
| **Sent:** | Friday, October 24, 2014 4:20 PM |
| **To:** | 'Joseph Oxman' |
| **Subject:** | RE: Mason v. Kruczaj |

Joe,

Just to confirm.  You agreed with the stipulated facts, and I have filed them with your electronic signature.

We agree to allow you to provide an expert report, with the understanding that you will not oppose our motion for summary judgment on the ground that you are obtaining an expert who will speak to the issues raised.  You will also contact the court to obtain deadlines for the production of both plaintiff's and defendants' expert reports.

Have a nice weekend, and good luck with your trial.

Nick

**Nicholas A. Cummins**
Bennett, Bricklin & Saltzburg LLC
1601 Market St, 16th Floor ☐ Philadelphia, PA 19103
phone: (215) 665-3328 ☐ fax: (215) 561-6661

website | bio | v-card | map | email   ☒

This e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Cummins, Nicholas A.
**Sent:** Friday, October 24, 2014 11:46 AM
**To:** 'Joseph Oxman'
**Subject:** RE: Mason v. Kruczaj

Joe,

I have a lunch meeting, which I am sure is when you will be on break from jury selection.  Please call my cell at 215-534-9195, and I will take your call.  Otherwise, I will be here this afternoon, but need to leave by 4:00.  The motion needs to be filed before then.

Thanks,

Nick

**Nicholas A. Cummins**
Bennett, Bricklin & Saltzburg LLC
1601 Market St, 16th Floor ☐ Philadelphia, PA 19103
phone: (215) 665-3328 ☐ fax: (215) 561-6661

website | bio | v-card | map | email   ☒

This e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

12/23/2014

# EXHIBIT D

## Cummins, Nicholas A.

| | |
|---|---|
| **From:** | Cummins, Nicholas A. |
| **Sent:** | Friday, November 07, 2014 1:51 PM |
| **To:** | 'Joseph Oxman' |
| **Cc:** | Bradley, Edward J. |

**Subject:** Mason - Expert Report

Joe,

In follow up to our discussion earlier today, given Judge Restrepo's instruction that he would not extend *Daubert* motion deadlines, I cannot agree to a late expert report because I would be left without recourse in the event the report raises *Daubert* issues.  As we discussed, however, if you send me a report, I will look at it in good faith.  If it does not raise any *Daubert* issues (and by *Daubert* issues, I mean issues that Judge Restrepo will not consider because the *Daubert* motion deadline is passed), we can proceed with expert reports.  At this point, however, I reserve the right to object to the report in my discretion, which I will use in good faith.  Likewise, if I were to accept the report, file a motion *in limine* on a basis that I believe to be a motion *in limine*, and Judge Restrepo refuses to consider it because he believes it had to be filed by the *Daubert* deadline, then I would also reserve the right to object at that time.  This is the best I can do under the circumstances.  Also, we would have the right to produce our own expert report.  As previously discussed, our report would be due by January 5.  You will get me the report to review by December 1, but sooner is better.  Please let me know if that works.

Regards,

Nick Cummins

 **Nicholas A. Cummins**
Bennett, Bricklin & Saltzburg LLC
1601 Market St, 16th Floor  Philadelphia, PA 19103
phone: (215) 665-3328  fax: (215) 561-6661

website | bio | v-card | map | email 

This e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

# EXHIBIT E

**Cummins, Nicholas A.**

| | |
|---|---|
| **From:** | Joseph Oxman [OxmanJ@ogklawyers.com] |
| **Sent:** | Monday, December 22, 2014 10:14 AM |
| **To:** | Cummins, Nicholas A. |
| **Subject:** | RE: 7401-107100 - Dwaune Mason vs. Office Nicholas Kruczaj et al / EUW7614: Mason v. City of Chester |

**Attachments:** Signorelli Report.pdf

I'm sure you're going to object to its admission, but here is my expert's report nevertheless....JSO

**From:** Cummins, Nicholas A. [mailto:cummins@bbs-law.com]
**Sent:** Thursday, December 11, 2014 8:33 AM
**To:** Joseph Oxman
**Subject:** RE: Mason v. City of Chester

Joe,

We do not want to submit this one to a magistrate.  We will stick with Judge Restrepo.  I will follow up again for the booking photos (if they exist).

Nick



**Nicholas A. Cummins**
Bennett, Bricklin & Saltzburg LLC
1601 Market St, 16th Floor ☐ Philadelphia, PA 19103
phone: (215) 665-3328 ☐ fax: (215) 561-6661

website | bio | v-card | map | email



This e-mail and any files transmitted with it are confidential attorney-client communication or may otherwise be privileged or confidential and are intended solely for the individual or entity to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Joseph Oxman [mailto:OxmanJ@ogklawyers.com]
**Sent:** Wednesday, November 26, 2014 2:15 PM
**To:** Cummins, Nicholas A.
**Subject:** RE: Mason v. City of Chester

I think Judge Hey...JSO

**From:** Cummins, Nicholas A. [mailto:cummins@bbs-law.com]
**Sent:** Wednesday, November 26, 2014 1:43 PM
**To:** Joseph Oxman
**Subject:** RE: Mason v. City of Chester

Joe,

I requested the photos but have not yet received a response.  My contact for records at the PD is on vacation this week, so probably nothing until early December.  Do you know who Judge Restrepo's magistrate is?

Nick